UNITED STATES DISTRICT COURT
              DISTRICT OF MASSACHUSETTS


|                            )
UNITED STATES OF AMERICA     )
                             )
         v.                  )   CRIMINAL ACTION
                             )   NO. 98-10169-WGY
EDWIN JONES                  )
                             )
         Defendant.          )
                             )

                    MEMORANDUM AND ORDER

YOUNG, D.J.                                      July 16, 2008

     In 2001, Edwin Jones ("Jones") pled guilty to a superseding information charging him with one count of racketeering under 18 U.S.C. § 1962(c).  At sentencing, Jones's base offense level under the United States Sentencing Guidelines ("Guidelines") was determined to be 38, which was based on the attribution to Jones of 1770.03 grams of cocaine base and 3.37 grams of cocaine powder.  Jones, however, received a four-level enhancement for his role in the offense as well as a three-level reduction for sparing the government the risk and expense of trial.

     As a result of the final offense level of 39 and Jones's criminal history category of IV, the Guidelines range was 360 months to life imprisonment.  The statute under which Jones pled guilty, however, permitted a maximum sentence of only 240 months imprisonment.  Thus, pursuant to section 5G1.1 of the Guidelines Manual, the statutory maximum sentence – 240 months – became the

Guidelines sentence.  U.S.S.G. § 5G1.1 (2000).  The Court imposed this sentence on Jones.

In the wake of Amendment 706 to the Guidelines, which reduced by two the base offense level for most crimes involving cocaine base and became effective in March of this year, Jones brings a motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2).  That statute permits a court to reduce a term of imprisonment when, as here, an amendment to the Guidelines has been given retroactive effect, but only if "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission," 18 U.S.C. § 3582(c)(2).  These policy statements are found in the Guidelines Manual.  As relevant here, the Sentencing Commission has stated a "reduction in the defendant's term of imprisonment is not consistent with [its] policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if [a retroactive amendment to the Sentencing Guidelines] does not have the effect of lowering the defendant's applicable guideline range."  U.S.S.G. § 1B1.10(a)(2)(B).

Both parties agree here that Jones's base offense level is among those that were reduced by Amendment 706.  See Status Report [Doc. 462] at 2. Accordingly, his final offense level, after taking into account the four-level enhancement for his role in the offense and a three-level reduction for sparing the

goverment the burden of a trial, is now 37.[1]  Given Jones's criminal history category of IV, the corresponding amended Guidelines range is 292 to 365 months imprisonment.

This, however, remains higher than the statutory maximum of 240 months.  Accordingly, pursuant to section 5G1.1, Jones's Guidelines sentence today is 240 months imprisonment.  Because this is the same Guidelines sentence to which Jones was subject at the time of his original sentencing, he is ineligible, under the terms of 18 U.S.C. § 3582(c)(2) and the Sentencing Commission's policy statements, to receive a reduction in his

---

[1] Jones argues that the proper way to calculate the now-applicable Guidelines range is to determine the offense level that corresponds to the actual 240-month sentence he was given – here, 34 – and reduce *that* offense level by two.  Mem. in Supp. [Doc. 465] at 2-3.  Jones is in error.

Section 5G1.1 posits alternative scenarios: (1) an offender is sentenced according to the Guidelines range as calculated, or (2) in the event the Guidelines range exceeds the statutory maximum, the Court is to substitute the statutory maximum for the Guidelines range.  Neither section 5G1.1 nor 18 U.S.C. § 1963 (which prescribes the statutory maximum for racketeering) contemplate, however, that in the event the latter alternative applies a defendant's offense level becomes whatever offense level happens to be associated with a 240-month sentence given that particular offender's criminal history level.  Instead, the reduction applies only to the offender's base offense level.  See U.S.S.G. § 1B1.10(b)(1) (requiring that "in determining whether, and to what extent, a reduction in the defendant's [sentence] under 18 U.S.C. § 3582(c)(2) and this policy statement is warranted, the court shall . . . substitute only the [retroactive] amendment . . . for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.").

sentence.  See United States v. McFadden, 523 F.3d 839, 840-41 (8th Cir. 2008) (reaching same conclusion on similar facts).

Accordingly, Jones's motion for a reduction in sentence [Doc. 460] is DENIED.

SO ORDERED.

/s/ William G. Young
_____
WILLIAM G. YOUNG
DISTRICT JUDGE